The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Laura Mavretic. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their, representatives; or amend the Opinion and Award except with the modification of Finding of Fact No. 13, Conclusion of Law No. 4, Award No. 4, and the addition of Award No. 5.
* * * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
STIPULATIONS
1. At the time of the injury giving rise to this claim, the parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. At such time, an employment relationship existed between plaintiff and defendant-employer.
3. The compensation carrier on the risk was Liberty Mutual Insurance Company.
4. On September 17, 1993, Ronald Pearce was plaintiff's immediate supervisor at defendant-employer.
5. Exhibits 1 through 9, described in Paragraph 8 of the Pre-Trial Agreement, were stipulated into evidence.
* * * * * * * * * * *
The Full Commission adopts the findings of fact found by the Deputy Commissioner and finds as follows:
FINDINGS OF FACT
1. At the time of the hearing in this matter, plaintiff was 53 years old. She is a high school graduate.
2. Plaintiff began working for defendant-employer in 1990 as a knitter on the third shift. Plaintiff operated from 4 to 6 knitting machines, each having 48 spools of yarn. Her job duties included keeping the knitting machines running continuously, which meant that each spool was normally changed twice per shift.
3. Based upon the stipulated Form 22 Wage Information, plaintiff's average weekly wage was $345.94, yielding a compensation rate of $230.64.
4. On September 17, 1993, plaintiff sustained an injury by accident arising out of and in the course of her employment with defendant-employer when she lifted her arm up over her head to load a spool of yarn onto one of the knitting machines and felt a sharp knife-like pain in her left shoulder and under her left arm.
5. Believing that she was having gas pains, plaintiff continued to work until her next break, although her left shoulder and arm pain persisted.
6. After she returned from the break, plaintiff attempted to clean her knitting machine, but was unable to do so because of the severe pain in her left arm each time she tried to raise it.
7. Plaintiff informed the lead knitter, the plant manager and her supervisor of the incident. Due to her co-workers' fears that plaintiff might be experiencing a heart attack, the rescue squad was called and plaintiff was taken to the local emergency room. She was subsequently treated by her family physician, Dr. A.T. May, the afternoon of September 17, 1993.
8. Dr. May initially believed that plaintiff had a pulled muscle and muscle spasms. After several months of treatment, plaintiff's condition worsened, and Dr. May referred her to Dr. Guarino, a neurologist. She was subsequently referred to Dr. A. H. Marsigli, an orthopaedic surgeon.
9. As a result of the compensable incident on September 17, 1993, plaintiff had a herniated disk at level C5-C6. Dr. Marsigli and Dr. Nelson Macedo, a neurosurgeon, performed a microdiskectomy and cervical fusion on January 14, 1994.
10. Plaintiff last worked on September 21, 1993. At the time of the hearing, she continued to experience swelling and pain in her left shoulder and upper arm and difficulty raising her arms.
11. In January 1994 plaintiff began to experience depression due to being unable to work, her worries about her finances and unpaid medical bills, and her chronic pain syndrome. She has been referred by Dr. Macedo to the Duke Pain Clinic for treatment. Plaintiff's depression is causally related to her compensable injury by accident that occurred on September 17, 1993 and the resulting chronic pain.
12. Plaintiff's current disability is caused by the chronic pain syndrome and resulting depression. She continues to be unable to return to her regular job or any other job. As a result of the injury by accident and the resulting pain and depression, plaintiff is unable to earn the same or any other wages in her former employment with defendant-employer or in any other employment for which she is otherwise qualified. Plaintiff continues to be in need of medical treatment for her chronic pain and depression.
13. Based upon the prior ruling of former Deputy Commissioner Mavretic, defendant-employer's actions were based upon stubborn, unfounded litigiousness.
* * * * * * * * * * *
Based upon the findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. On September 17, 1993, plaintiff sustained an injury by accident arising out of and in the course of her employment with defendant-employer in that she sustained a specific traumatic incident of the work assigned. N.C. Gen. Stat. § 97-2 (6).
2. As a result of the compensable injury by accident, plaintiff was disabled from work and is entitled to receive compensation for temporary total disability at the rate of $230.64 per week beginning September 22, 1993 and continuing until defendant-employer obtains permission from the Industrial Commission to cease said payments. N.C. Gen. Stat. § 97-29.
3. Plaintiff is entitled to payment of all medical expenses by defendant-employer as a result of her compensable injury on September 17, 1993, for so long as such examinations, evaluations and treatments may reasonably be required to effect a cure, or give relief, and will tend to lessen plaintiff's period of disability. N.C. Gen. Stat. § 97-25 (before amendment).
4. Plaintiff is entitled to an award of attorney's fees of $1,200.00 in that defendant-employer's actions were based upon stubborn, unfounded litigiousness. N.C. Gen. Stat. § 97-88.1;Sparks v. Mountain Breeze Restaurant Fish House Inc., 55 N.C. App. 663,286 S.E.2d 575 (1982).
* * * * * * * * * * *
Based on the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
AWARD
1. Defendant-employer shall pay plaintiff temporary total disability compensation at the rate of $230.64 per week beginning September 22, 1993 and continuing until defendant-employer obtains permission from the Industrial Commission to cease said payment of compensation. Any amounts which have accrued shall be paid to plaintiff in a lump sum, subject to the attorney's fee approved below.
2. Defendant-employer shall pay all medical expenses incurred, or to be incurred, by plaintiff as the result of her compensable injury and resulting chronic pain and depression, for so long as such examinations, evaluations and treatments may reasonably be required to effect a cure, or give relief, and will tend to lessen plaintiff's period of disability.
3. A reasonable attorney's fee of twenty-five percent of the compensation due plaintiff under Paragraph 1 of this Award is approved for plaintiff's counsel and shall be paid as follows: twenty-five percent of the lump sum due plaintiff shall be deducted from that sum and paid directly to plaintiff's counsel. Thereafter, every fourth compensation check shall be deducted from the sum due plaintiff and paid directly to her counsel. Consideration and designation of this attorney's fee contemplates that counsel for the plaintiff shall continue and is hereby ORDERED to monitor the submission of medical expenses to defendant-employer.
4. Pursuant to N.C.G.S. 97-88 and in the discretion of the Full Commission, plaintiff's counsel is awarded attorney's fees in the amount of $1,200.00 to be paid by defendants for the Full Commission appeal as part of the bill of costs.
5. Defendant-employer shall pay the costs.
FOR THE FULL COMMISSION
 S/ ________________ COY M. VANCE COMMISSIONER
CONCURRING:
S/ ________________ BERNADINE S. BALLANCE COMMISSIONER
S/ ________________ EDWARD GARNER, JR. DEPUTY COMMISSIONER
CMV/cnp/mj 9/19/95